**Refugio Castoreno LOPEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–81–0889–CR.

Court of Appeals of Texas, Houston (1 Dist.).

May 12, 1983.

Carson T. Campbell, Jr., Bellaire, for appellant.

Kenneth R. Valka, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted after a jury trial of indecency with a child, a second degree felony. Tex.Penal Code Sec. 21.11(a)(1). (Vernon 1981). He was sentenced to imprisonment for four (4) years.

In his first ground of error, appellant contends that the evidence to support the conviction was insufficient because the victim's testimony was uncorroborated, as required by Tex.Code Crim.Pro. art. 38.07 (Vernon 1975). Article 38.07 provides:

A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred.

This is a conviction under Chapter 21 of the Penal Code. It is undisputed that there was no corroboration whatever of the victim's testimony. The absence of corroborating evidence requires reversal unless the State proves that an outcry was made by the victim within six (6) months of the date on which the offense allegedly occurred.

The outcry in this case was made on November 11, 1979. The indictment alleged that the offense occurred on or about May 15, 1979.

The testimony of the victim regarding the date of the offense was extremely vague. Her most specific testimony was that the offense occurred "around" May 15, 1979, during the morning hours, closer to lunch time than to breakfast.

The appellant sought to answer this testimony in two ways. First, he presented alibi testimony that on the morning of May 15 he had driven from Richmond, Texas, to downtown Houston to buy business supplies, a trip lasting forty-five minutes. He produced a receipt of that date from a store located in downtown Houston. He testified that he then returned to work in Richmond and produced the testimony of his employer and the employer's time cards, confirming that on May 15, he had arrived at work at 1:30 p.m., and remained until 6:30 p.m.

Appellant's evidence went further, however. He presented evidence to account for the victim's whereabouts on May 15, 1979. The principal of the elementary school attended by the victim testified that the victim was in school all day on May 15 and every school day of that month.

At no time was there any evidence that the offense occurred on any day after May 15, 1979. At no time was the date of May 15, 1979, proved by any more specific evidence than the victim's assertion that the offense occurred "around" that date.

Does this prove the commission of an offense within "six months" of the outcry on November 11, 1979? In order to answer, we must decide the meaning of the words "six months" as used in art. 38.07.

Texas courts have held that a "month" means a solar month, that is, thirty days, not a calendar month, when the term is not defined by statute and is used in assessing punishment for a criminal offense. *Presley v. State,* 538 S.W.2d 624, 626 (Tex.Cr.App. 1976); *McKinney v. State,* 43 Tex.Cr.R. 387, 66 S.W. 769, 770 (1902); *Yeary v. State,* 66 S.W. 1106, 1108 (Tex.Cr.App.1902). In *Yeary, supra,* the Court rejected the argument that a "month" meant the period of time from a numbered day in one month to the same numbered day of another month, although a civil statute authorized such a method of computing time. The Court stated:

> We do not think said statute is applicable to criminal cases, which requires uniformity or equality in punishment. If the contention of appellants was sound, then one defendant, for the same offense, might be imprisoned for one term, and another defendant for a different term, according to the day and month of his conviction. We do not think the statute fixing a month as the minimum punishment ever intended such a result.

In *McKinney v. State, supra,* the Court engaged in an exhaustive discussion outlining the uncertainty in punishment which would occur if any measure of a "month" were used other than a thirty day period. The Court said:

> In other words, the word month must be an inflexible period of a given number of days, consisting of a given number of hours and a given number of minutes and a given number of seconds. The minimum punishment must be uniform at all times and at all places. The dictionaries say, and the custom is, that in the computation of interest a month is understood to be thirty (30) days. Where a statute uses the words "thirty (30) days" in one place and "one month" in another, it has been held that the word "month" and the words "thirty (30) days" were synonymous. The State further submits, that, as a matter of common knowledge, a solar month, where simply the word "month" is to be defined in the abstract, and not any particular month or number of months is referred to, it is generally understood and accepted that a month is a period of 30 days. To hold that the words "one month" means one calendar month as fixed by the calendar, would work confusion, make the sentence indefinite, make the length of the portion of imprisonment depend upon accident and lead to a destruction of the statute.

The Code Construction Act, Tex.Rev.Civ. Stat.Ann. art. 5429b–2 (Vernon 1982) does not require a different result. In § 1.04 it defines "week" as seven (7) consecutive days and "year" as twelve (12) consecutive months. In § 2.04(c) it provides:

*If* a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month. (emphasis supplied)

■ The use of the word "if" in the section above indicates that a different standard may be used. Cases like *Presley, McKinney,* and *Yeary, supra,* explain the reason for requiring a different standard, namely, thirty days, in criminal cases. We hold that a "month," as used in art. 38.07, means thirty consecutive days.

The Code Construction Act, § 2.04(a), provides:

In computing a period of days, the first day is excluded and the last day is included.

■ The first day of the period is May 15, 1979, and is excluded. The 180th day thereafter is November 11, 1979, the day of outcry, and is included. Therefore, the State must prove that the offense occurred on or after May 15, 1979, in order to avoid the corroboration requirement of art. 38.07. There is no evidence in this record from any source which proves even by a preponderance of the evidence, much less beyond a reasonable doubt, that this offense occurred on May 15, or afterward. It is shown with equal probability by the State's proof that it occurred before May 15, a time at which corroborating evidence would be required. The State's only evidence was that the crime occurred "around May 15," which means it could have occurred before, on, or after that date, each possibility being as likely as the others. The school principal's testimony that the victim was in school all day on May 15, coupled with the victim's testimony that the event occurred close to lunch time, is persuasive evidence that May 15, 1979, was not the date of the offense. The State produced no evidence from any source that the crime occurred on May 15, or anytime after May 15. Therefore, corroboration was required, and because there was none, the evidence was insufficient.

■ The State is not generally bound by the date alleged in the indictment when the date is preceded by the words "on or about." Conviction in such case may be had upon proof that the offense was committed anytime before the return of the indictment which is within the period of limitations. Tex.Code Crim.Pro.Ann. art. 21.02(6) (Vernon 1966). *Ex parte Hyett,* 610 S.W.2d 787 (Tex.Cr.App.1981). Article 38.07, however, requires a different standard to determine whether corroboration is required in cases under chapter 21 of the Penal Code. Article 38.07 is a specific rule applying solely to the trial of sexual offenses under chapter 21 and, as such, it controls over any general provision in conflict with it. See *Ex parte Harrell,* 542 S.W.2d 169 (Tex.Cr.App.1976); *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr. App.1975); Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 3.06 (Vernon 1982). To allow the State to prove the date of an offense in the general, unspecific manner permitted by art. 21.02(6) and judicial decisions applying it in this case, where the timeliness of an outcry is an issue, would render art. 38.07 meaningless. It would, as stated in *McKinney, supra,* "lead to a destruction of the statute."

In *Hernandez v. State,* 636 S.W.2d 617, 619 (Tex.App.—San Antonio 1982), the court stated:

Prior to amendment by the legislature in 1975, Article 38.07 ... addressed only the offense of seduction .... Prior law ... also addressed the need for corroboration of the victim in seduction cases. Article 709 provided, *"Female alleged to be seduced—*In prosecutions for seduction, the female alleged to have been seduced shall be permitted to testify, but no conviction shall be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

In 1975, the 64th Legislature extended the requirement for corroboration to include a necessity for corroborating the testimony of victims of all sexual offenses under Chapter 21, Penal Code, without regard to the victim's age, except in those cases where an outcry is made within six (6) months after the date on which the offense is alleged to have occurred. *In doing so, the Legislature sought to treat all victims identically by doing away with the need for corroboration when a timely outcry is made to someone other than the defendant.* (emphasis supplied).

Until art. 38.07 was enacted, minor children, such as the victim here, enjoyed a favored status and were exempt from the requirement for corroboration of their testimony, without regard to timely outcry. Id. at 621; *Hohn v. State,* 538 S.W.2d 619 (Tex. Cr.App.1976). Article 38.07 changed this and imposed a corroboration requirement for the protection of the accused, even when the victim was a minor child. On at least two recent occasions since the passage of art. 38.07, the Legislature has again required corroboration of criminal allegations in certain circumstances. See Tex.Alco. Bev.Code § 101.06 (Vernon 1982); and Tex. Fam.Code Ann. § 54.03(e) (Vernon 1981); see also *In the Interest of A.D.L.C.,* 598 S.W.2d 383 (Tex.Civ.App.—Amarillo 1980, no writ.).

It is our duty to enforce such statutes. Cases like *Presley, McKinney,* and *Yeary, supra,* require that defendants be treated alike in calculating time periods measured in "months." Cases like *Hernandez, supra,* hold that the Legislature sought to treat all victims alike by imposing a corroboration requirement on all sex offense victims, including children.

Ground of error number one is sustained. We need not address the appellant's other grounds of error.

The judgment of the district court is reversed because of insufficient evidence and is reformed to show an acquittal.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

I agree with the majority opinion to the extent of its conclusion that the date of the child's outcry, November 11, 1979, falls within the statutory six month period following May 15, 1979, the date of the offense as alleged in the indictment. However, I express no opinion concerning the manner in which the majority calculated the six month statutory period. Tex.Code Crim. Pro.Ann. art. 38.11 (Vernon 1979).

I do disagree, however, with the majority's finding that the evidence is insufficient to support the jury's verdict. It is my opinion that the child's testimony, considered in its entirety, was a sufficient basis for the jury to conclude that appellant committed an indecent act with the child on May 15, 1979, the date of the alleged offense.

The child, nine years old at the time of the offense, testified in response to questions by the State as follows:

Q. You told the jury that one time, that Rudy (the appellant) came in the bathroom and put his finger in your vagina, right?

A. Right.

Q. And now, I'm asking you if he ever did anything like that to you after that.

A. Yes.

Q. Tell the jury what, if anything, he did to you? Tell them what he did to you.

A. He put his penis in my butt.

Q. What do you mean he put his penis in your butt, did he stick it in you?

A. Yes, sir.

Q. Do you remember about when this happened? Did it happen in May, during the summer of October or September or can you remember approximately when it happened or can you remember the season that it happened? Was it after school was out last year?

A. I don't know.

Q. Was it before school was out or after school was out? Can you remember?

A. No.

* * * * * *

Q. Did Rudy ever do anything else to you that he shouldn't have done to you that you just testified to?

A. I don't remember.

Q. Huh?

A. I don't remember.

Q. Did Rudy ever kiss you?

A. Yes.

A. Uh-huh.

Q. Did it happen a few weeks before school ended?

A. Yeah.

Q. That's why you think it was around May 15th, 1979?

A. Yes, sir.

On cross-examination, the child was interrogated further about the date of the offense. She testified:

Q. And you remember for sure that this happened sometime around May of 1979, is that right?

A. Yes, sir.

Q. You don't remember that it was exactly May 15th, 1979 though, huh?

A. It was around there.

Q. Okay, would it be ... could it be sometime before that time?

A. I don't know. I just know it's around there.

Q. Could it have been the first part of May too? The first week in May?

A. No, it was just like ... like just around the 15th.

The child further testified on recross-examination, that the bathroom incident had taken place during the morning, sometime after breakfast, but she could not recall the hour or the particular day. Although the appellant produced alibi testimony, tending to show that on May 15, 1979, the child had been in school all day and that he had been working, this testimony did not *conclusively* establish that the child could not have been at the apartment with him for a sufficient period of time for the assault to have occurred. Thus, the jury was entitled to believe the child's testimony that she was at the apartment with the appellant on May, 15, 1979, and that he then committed an indecent act with her.

In my opinion, the appellant's defense of alibi merely raised a fact question for the jury, and it was the jury's sole responsibility to judge the credibility of the witnesses and the weight to be given their testimony. *Ford v. State,* 509 S.W.2d 317 (Tex.Cr.App. 1974). In the absence of evidence compelling a conclusion that the offense could not have occurred on the date alleged, the jury was entitled to infer from the child's testimony that it did occur on that day, as she testified.

In his second ground of error, the appellant contends that the trial court erred in failing to exclude evidence tending to show that he had been accused by two other girls of sexual offenses. In my opinion, the testimony regarding such other instances of appellant's sexual misconduct with young girls was admissible to show the likelihood and opportunity for the appellant's commission of the offense charged. *See, Gephart v. State,* 157 Tex.Cr.R. 414, 249 S.W.2d 612 (1952); *Williams v. State,* 490 S.W.2d 604 (Tex.Cr.App.1973).

In his third ground of error, the appellant contends that the trial court erred in permitting the child's mother to testify for the State, arguing that she had been shown to be his common law wife and, therefore, that her testimony was incompetent under Tex. Code Crim.Pro.Ann. art. 38.11 (Vernon 1979). The appellant admits that he did not raise this contention in the trial court and, furthermore, the record contains no evidence establishing a common-law marriage between these two persons.

I would overrule all three grounds of error and affirm the judgment of the trial court.

DOYLE and COHEN, JJ., also sitting.