**David Christopher WHITE, Appellant**

**v.**

**The STATE of Texas, State**

**NO. 02–15–00281–CR**

Court of Appeals of Texas, Fort Worth.

DELIVERED: January 28, 2016

Brian Salvant, Adam Arrington, Fort Worth, TX, for Appellant.

Sharen Wilson, Dist. Attorney, Debra Windsor, Asst. Dist. Atty., Chief of Post Conviction, John E. Meskunas, Michelle Hartman, Asst. Dist. Attys., Fort Worth, TX, for State.

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

## OPINION

SUE WALKER, JUSTICE

### I. INTRODUCTION

In his sole issue, Appellant David Christopher White argues that the trial court erred by not crediting him the time he served in an intermediate sanction facility (ISF). We will affirm as modified.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2012, White pleaded guilty to evading arrest with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp.2015). Pursuant to a plea agreement, the trial court placed White on deferred adjudication community supervision for two years. Due to White's usage

of drugs and alcohol, the trial court later amended the conditions of White's community supervision and ordered him to undergo substance abuse treatment in an ISF. White entered an ISF on September 12, 2013, completed treatment, and was released on December 12, 2013.

On November 11, 2014, the State filed a petition to revoke White's community supervision, alleging several violations. White pleaded true to most of the State's allegations. The trial court proceeded with an adjudication of guilt and sentenced White to four years' confinement. White requested that he be given credit for the time he spent in the ISF; the trial court denied White's request.

### III. ENTITLEMENT TO TIME SERVED IN THE ISF

Article 42.12, section 23(b) of the Texas Code of Criminal Procedure provides,

> [n]o part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp.2015).

The record establishes that the trial court ordered White to undergo substance abuse treatment at an ISF and that he successfully completed treatment at the ISF. We therefore hold, and the State concedes, that White is entitled to credit for the ninety-two days he spent in the ISF between September 12, 2013 and December 12, 2013. *See id.* We sustain White's sole issue.

### IV. CONCLUSION

Having sustained White's sole issue, we modify the trial court's judgment to award White credit for ninety-two days of time served. We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).