Jerry Don SNODGRASS, Jr., Appellant

v.

The STATE of Texas, State

NO. 02–15–00351–CR

Court of Appeals of Texas,
Fort Worth.

DELIVERED: May 5, 2016

Stuart V. Neal, Law Office of Pamela A. Walker, P.C., Granbury, TX, for Appellant.

Robert Christian, Dist Atty., Megan Chalifoux, Asst. Dist. Atty., Granbury, TX, for State.

PANEL: GARDNER, GABRIEL, and SUDDERTH, JJ.

## OPINION

### BONNIE SUDDERTH, JUSTICE

In three issues, appellant Jerry Don Snodgrass, Jr. appeals the trial court's denial of credit for time served in its judgment revoking community supervision and the trial court's original imposition of community supervision. We affirm the trial court's judgment as modified.

### I. Background

Appellant was arrested on February 13, 2014, for possession of less than one gram of methamphetamine. He posted bond the next day and was released but was rearrested on June 16, 2014. He remained incarcerated from that day until trial was held on June 8, 2015.

In January of 2015, Appellant filed a "Waiver of Right to Suspended Sentence Under Code [of] Criminal Procedure Article 42.12 [Section] (15)(a)" in which he stated that he "waive[d] the right to be placed on probation and represent[ed] to the Court that [he was] unable or unwilling to comply with any of the conditions of probation that the Court may impose." At trial, Appellant pleaded guilty and asked that a jury assess punishment. The jury assessed punishment at 12 months' confinement in state jail, but the trial court suspended the sentence for five years and placed Appellant on community supervision. Appellant did not appeal the trial court's decision to suspend his sentence and place him on community supervision.

As a condition of community supervision, Appellant was ordered to complete a reha-

bilitation program at the substance abuse felony punishment (SAFP) facility. Appellant remained in jail until he was transported to the SAFP facility on August 11, 2015, but was discharged from the facility two days later on August 13, 2015, for refusing to participate. The State filed a motion to revoke community supervision on August 20, 2015, and Appellant was held in jail for 34 days pending the revocation hearing. At the hearing, Appellant pleaded true to violating the terms of community supervision by failing to comply with the facility's rules, regulations, and treatment programs. The trial court revoked his community supervision and sentenced him to eleven months in the state jail facility with no credit for any time served.

### II. Discussion

In his first issue, Appellant argues that the trial court erred in refusing to grant him credit for time served in the county jail awaiting trial and for the time served in the county jail while awaiting the revocation hearing.

### A. Credit for time served August 20, 2015–September 22, 2015

As for the time served while awaiting the revocation hearing, the State concedes that Appellant should have been credited for the time spent confined between the date the motion for revocation was filed on August 20, 2015, and the date the hearing was held on September 22, 2015. *See In re Bates,* 978 S.W.2d 575, 578 (Tex.Crim.App.1998). We agree, and, therefore, we sustain the first part of Appellant's first issue as to these 34 days served in county jail and order the judgment be reformed to give Appellant credit for this time. Tex.R.App. P. 43.2(b).

## B. Credit for time served June 16, 2014–June 8, 2015

■ As for the 358 days Appellant served from the date of his rearrest on June 16, 2014, until the date of sentencing on June 8, 2015, the code of criminal procedure gives the trial court discretion whether to grant credit for time served. Tex.Code Crim. Proc. Ann. art. 42.12 § 15(h)(2) (West Supp.2015). However, there are constitutional limits to the exercise of this discretion.

In *Williams v. Illinois*, the United States Supreme Court held that a state may not imprison an indigent defendant beyond the statutory maximum sentence for the defendant's failure to pay a fine assessed as part of his punishment. 399 U.S. 235, 241, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970). The court reasoned that doing so would constitute "invidious discrimination solely because [the defendant] is unable to pay the fine," thereby violating the equal protection clause because it would result in different consequences for poor defendants. *Id.*

The court of criminal appeals has extended the reasoning of *Williams* in holding that indigent defendants who are sentenced to the statutory maximum[1] should receive pretrial jail time credit. *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex.Crim.App. 1997) (ordering credit be given for pretrial jail time served where defendant received the statutory maximum sentence); *Caraway v. State*, 550 S.W.2d 699, 705 (Tex. Crim.App.1977) (ordering credit be given for pretrial jail time served where defen-

dant received the statutory maximum sentence and denial of pretrial jail time credit would unfairly extend the defendant's parole eligibility date). It has also extended this situation where the defendant did not receive the statutory maximum but the aggregate imprisonment would exceed the statutory maximum as it related to parole eligibility. *Ex parte Chamberlain*, 586 S.W.2d 547, 548 (Tex.Crim.App.1979).

Two decades later in *Bates*, the court of criminal appeals further clarified its reasoning when it declined to order credit be given for pretrial time served because the defendant had not been assessed the maximum punishment "and would not be required to serve more than the maximum permissible term even if the pretrial jail time were added to the term assessed." *Bates*, 978 S.W.2d at 577. Relying on this statement in *Bates*, Appellant argues that he is entitled to credit for the 358 days[2] he served in the county jail awaiting trial even though the jury did not assess the maximum two-year sentence. *See* Tex. Penal Code Ann. § 12.35(a). Specifically, Appellant argues that he will be required to serve more than the maximum permissible term when his eleven-month sentence is added to the time he served between arrest and sentencing, plus the time served awaiting the revocation hearing.

Because we agree neither with Appellant's method of calculating his time served nor with his calculation of the number of days that would constitute a maxi-

---

1. Here, Appellant was not sentenced to the statutory maximum sentence of two years. *See* Tex. Penal Code Ann. § 12.35(a) (West Supp.2015) (setting the maximum duration for a state jail felony at two years' confinement). Rather, the jury initially assessed a 12–month sentence, but upon revocation, the trial court sentenced him to eleven months in the state jail facility.

2. Appellant contends that he is entitled to 359 days of credit for the time he spent in jail between his rearrest on June 16, 2014, and the trial held on June 8, 2015. He does not explain how he reaches this number, and we disagree with his calculation.

mum sentence for this state jail felony, we do not agree that—even including the 34–day credit we have already held was erroneously denied him—Appellant would be required to serve in excess of the maximum two-year sentence.

According to the record, Appellant spent the following time periods in the county jail:

| Date Range | Time Period | Days Served |
|---|---|---|
| February 13–14, 2014 | Date of original arrest and release on bond | (2[3]) |
| June 16, 2014– June 8, 2015 | Date of rearrest through date of trial and sentencing | 358 |
| June 8, 2015– August 20, 2015 | Date of sentencing through date of filing of motion to revoke | (74[4]) |
| August 20, 2015– September 22, 2015 | Date of filing of motion to revoke through date of hearing on motion to revoke | 34 |

Adding together the total number of days Appellant served in the county jail prior to trial (358) and while awaiting a hearing on the State's motion to revoke (34) equals 392 days served. Upon revocation, the trial court sentenced Appellant to 11 months, or 330 days.[5] Adding Appellant's presentencing time and prerevocation time of 392 days to the sentenced time of 330 days, Appellant would serve a total of 722 days.

By defining one month as 30 days and by further defining two years as 24 months, Appellant argues that the calculation in days of the maximum two-year sentence should be determined by multiplying 30 days by 24 months, which equals 720 days. Thus, according to Appellant's calculations, the number of days he would be required to serve[6] would exceed the maximum sentence that could be imposed. We agree with Appellant that for purposes of calculating the number of days in sentences and service time, one month equals 30 days. However, we disagree with the formula Appellant uses to calculate the number of days in a year, and we hold that the maximum two-year sentence in this case equals 730—not 720—days.

---

3. Appellant does not contend that he was indigent at this time, nor does he argue that these days should be included. Appellant was released on bond on February 14, 2014. We note that the result would not change if we were to include this time served.

4. Appellant concedes he is not entitled to credit for this time served as a condition of his community supervision sentence. *See Harris,* 946 S.W.2d at 80 (holding that a defendant is not entitled to credit for time served as a condition of probation).

5. As is further discussed below, the court of criminal appeals has defined a "month" as being 30 days in duration. *McKinney v. State,* 66 S.W. 769, 770–71, 43 Tex.Crim. 387, 390 (1902); *see also, Presley v. State,* 538 S.W.2d 624, 626 (Tex.Crim.App.1976); *Lurie v. State,* 288 S.W.2d 505, 506, 162 Tex.Crim. 604, 606 (Tex.Crim.App.1956).

6. We calculate that Appellant would serve a total of 722 days, which—if we accepted Appellant's 720–day premise—would exceed the maximum sentence by 2 days. Because Appellant calculates that he is entitled to 359 days of credit for the time he spent in jail between his rearrest on June 16, 2014, and the trial held on June 8, 2015, he contends that he would serve a total of 723 days and exceed the maximum sentence by 3 days. Even if we assumed that Appellant would serve 723 days, the result would not change.

For more than a century and notwithstanding the fact that in any given calendar year one month could be as few as 28 or as many as 31 days, Texas criminal courts have used the solar month[7] to define a "month" to mean 30 days when calculating periods of imprisonment. In reaching this conclusion, the court of criminal appeals rejected a civil statutory standard, the "calendar month" method,[8] in holding that such a system of calculation in the criminal context would cause confusion and result in lack of uniformity in sentencing.[9] *McKinney*, 66 S.W. at 770, 43 Tex. Crim. at 389 (considering the application of former article 3270 of the Texas Civil Statutes, which defined a "month" as a calendar month, to criminal cases). Explaining that in fixing minimum and maximum punishments, the time "must be definite and inflexible," the court of criminal appeals held that a different standard—using an exact number of days which the court determined to be 30—was required. *Id.* Because we also agree with our sister court that the modern-day Code Construction Act[10]—which on its face purports to apply to criminal cases—does not require a different result, we agree with Appellant that, for the purposes of computing sentence or service time, a 12–month period of time is computed by multiplying 30 days by 12 months and equals 360, not 365, days. *See Lopez v. State*, 651 S.W.2d 931, 933 (Tex.App.–Houston [1st Dist.] 1983), *remanded on other grounds*, 659 S.W.2d 35 (Tex.Crim.App.1983) (discussing former article 5429b–2, section 2.04(c), of the Texas Revised Civil Statutes, which is the identically-worded predecessor to section 311.014(c) of the government code, and holding that a "month" means 30 consecutive days).[11]

7. At common law, the "lunar month" of 28 days was used to define the number of days in a month. *McKinney*, 66 S.W. at 770, 43 Tex. Crim. at 389.

8. Using a calendar method of calculation, the court explained, "If it begins on the 5th of February, it would end on the 5th of March, although but twenty-eight days have elapsed, leap year being excepted. Or if it begins on the 5th of February during leap year, it would end on the 5th of March, although twenty-nine days elapse. If it begins on the 5th of June, it would end on the 5th of July, although thirty days had elapsed." *Id.*, 43 Tex. Crim. at 389, 66 S.W. 769.

9. The court illustrated the problem as follows: "Should A. be prosecuted for an aggravated assault, and should the verdict be one month, instead of thirty days, as in the case at bar, but his trial occurred in January, he would be incarcerated for thirty-one days. If it occurred in February, he would have the good fortune of only having to serve twenty-eight days, unless it be leap year; and, if he was so unlucky as to be tried during leap year, he would have to serve one more day than otherwise, if his trial were in February. Therefore the day when he is tried would decide whether he stayed in jail thirty-one days, or thirty, twenty-nine or twenty-eight days. Or it may be he was tried in a month of thirty-one days, and if he fails to appeal he would stay in jail thirty-one days; but should he give notice of appeal, and this court should decide his case in February, he would be the winner by three days, unless he should be so unfortunate as to have this court decide his case during a leap year." *Id.*, 43 Tex.Crim. at 389, 66 S.W. 769.

10. Section 311.014(c) of the Act provides:

(c) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.
Tex. Gov't Code Ann. § 311.014(c) (West 2013).

11. However, we have recently departed from *Lopez* by also not applying the Code Construction Act in computing days of time served. *Compare White v. State*, No. 02–15–00281–CR, 2016 WL 354107, at *1 (Tex.App.–Fort Worth Jan. 28, 2016, no pet.) (mem.op.), *with Lopez*, 651 S.W.2d at 933 (applying former article 5429b–2, section 2.04(a), the predecessor to

Applying the same principles applied in *McKinney*, notwithstanding the fact the number of days during any given year could actually be either 365 or 366, depending on whether the year in question is a leap year, we believe that for the purpose of computing sentences or service time, one year equals 365 days. In reaching this conclusion, we also rely upon *Ex parte Lee*, where the court of criminal appeals ignored the intervening leap years and used a simple 365–day multiplier to calculate the number of days in a sentence that was assessed in terms of years. *Ex parte Lee*, 223 S.W.3d 360, 361 (Tex.Crim.App.2006) (calculating an 18–year sentence by multiplying 18 by 365); *see also McKinney*, 66 S.W. at 770, 43 Tex.Crim. at 389 (explaining that accounting for leap years would cause an "anomal(y)" of luck or accident, resulting in non-uniformity and uncertainty in sentencing).

Thus, considering these two principles—that a month equals 30 days, that twelve months equal 360 days, but a year equals 365 days—to correctly calculate the number of days that would comprise the maximum sentence in this case, we must determine whether the maximum penalty range for this offense is stated in years or months. Section 12.35(a) of the penal code provides that a person adjudged guilty of a state jail felony shall be punished by confinement in a state jail for a term of "not more than two years." Tex. Penal Code Ann. § 12.35(a). Therefore, applying the correct formula, the maximum number of days which Appellant could have been sentenced to serve here is 730—365 days multiplied by two years—not 720, the number Appellant reaches by multiplying 30 days by 24 months. *Id.*

Because, by our calculations, even including the 34–day prerevocation period—the denial of credit for which we have already held was error—Appellant's possible service is eight days shy of the maximum sentence, we disagree that Appellant is constitutionally entitled to credit for time served prior to sentencing.[12]

section 311.014(a) of the government code, to exclude the first day in calculating number of days). While section 311.014(a) provides that in calculating the number of days, we exclude the first day and include the last day, this court has joined other sister courts in including both the first day and the last day served when computing the number of days served. *Compare* Tex. Gov't Code Ann. § 311.014(a), *with White*, 2016 WL 354107 at *1, *and Ramirez v. State*, No. 08–09–00008–CR, 2010 WL 2297618, at *1 (Tex.App.–El Paso June 9, 2010, no pet.) (not designated for publication), *and Hamilton v. State*, No. 05–95–00672–CR, 1999 WL 442008, at *1 (Tex.App.–Dallas July 1, 1999, no pet.) (not designated for publication). These holdings make sense in light of the analysis used in *McKinney* to determine whether applying a statute such as this in the criminal context would lead to absurdities based upon fortune and luck. For example, applying the Code Construction Act as between two defendants who booked into a jail within two minutes of one another: the first defendant who booked into jail at 12:01 a.m. and bonded out of jail 23 hours and 58 minutes later at 11:59 p.m. would be credited with zero days, while the defendant who booked in just two minutes earlier, at 11:59 p.m., but bonded out a mere hour later at 12:59 a.m. would be credited with one day of jail time. In this instance, the only determining factor between the defendant who served almost a full day in jail and received no credit at all and the defendant who served only one hour in jail but received a full day's credit would be the happenstance of the clock's minute hand passing the point of midnight. Furthermore, to acknowledge—without resorting to fractions—that an inmate served some time, that fractional period of time served on the first day—that *something*—is more accurately reflected by rounding up to the number one, not down to the number zero, a number used to denote the absence of anything at all.

**12.** Even if we were to accept Appellant's calculation that he has served 393 days in jail, he would still be seven days shy of the maximum sentence.

For these reasons, we overrule the second part of Appellant's first issue as it relates to time served between his arrest on June 16, 2014, and sentencing on June 8, 2015.

## C. Imposition of community supervision

■ In his second issue, Appellant argues that the trial court erred in imposing community supervision because he had waived his right to community supervision. The State argues that Appellant forfeited this argument by failing to appeal the original judgment imposing community supervision. *See, e.g., Manuel v. State,* 994 S.W.2d 658, 661 (Tex.Crim.App.1999) (holding that issues related to a conviction, such as evidentiary sufficiency, must be raised at the time community supervision is originally imposed). Appellant conceded at oral argument that he forfeited this issue. We therefore overrule Appellant's second issue.

## D. Constitutionality of article 42.12, section 15(h)(2)

■ In his third issue, Appellant argues that article 42.12, section 15(h)(2) of the code of criminal procedure is unconstitutional by allowing the trial court the discretion to deny credit for time served. His argument can be divided into two subissues: (1) that the statute is unconstitutional as it relates to time served between the date a defendant is arrested pursuant to a State's motion to revoke community supervision and the hearing on the motion to revoke, and (2) that it is unconstitutional in its entirety.

Regarding his first subissue, the court of criminal appeals has held that section 15(h)(2) is unconstitutional as applied to credit for time spent confined pending a motion for revocation of community supervision. *Bates,* 978 S.W.2d at 578. We have sustained Appellant's first issue in part on this basis and have ordered that he be credited for the time spent in jail from the date the motion for revocation was filed to the date community supervision was revoked.

■ As for Appellant's argument that article 42.12, section 15(h)(2) is unconstitutional "in all respects," the Appellant did not raise this argument before the trial court. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1); *Douds v. State,* 472 S.W.3d 670, 674 (Tex. Crim.App.2015); *Sanchez v. State,* 418 S.W.3d 302, 306 (Tex.App.–Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R.App. P. 33.1(a)(2); *Everitt v. State,* 407 S.W.3d 259, 263 (Tex.Crim.App.2013).

"[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial." *Holmes v. State,* 380 S.W.3d 307, 308 (Tex.App.–Fort Worth 2012, pet. ref'd); *see Ibenyenwa v. State,* 367 S.W.3d 420, 422 (Tex.App.–Fort Worth 2012, pet. ref'd) (op. on reh'g); *Karenev v. State,* 281 S.W.3d 428, 434 (Tex.Crim.App.2009). Both facial and "as applied" challenges must be raised in the trial court in order to preserve error. *Reynolds v. State,* 423 S.W.3d 377, 383 (Tex.Crim.App.2014); *see Flores v. State,* 245 S.W.3d 432, 437 n.14 (Tex.Crim.App.2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial").

A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State,* 305 S.W.3d 530, 532 (Tex.Crim.App.2009). Although neither the Appellant nor the State addressed in their briefing the preservation of this issue by the Appellant, preservation of error is a systemic requirement that this court should review on its own motion. *Reynolds,* 423 S.W.3d at 383; *Gipson v. State,* 383 S.W.3d 152, 159 (Tex. Crim.App.2012). Because there is no mention of a constitutional argument regarding article 42.12, section 15(h)(2), in the record, we hold that Appellant has failed to preserve this argument and therefore overrule his third issue.

### III. Conclusion

Having sustained in part Appellant's first issue insofar as it denies credit for time served between the date of the filing of the motion for revocation and the hearing on the same, we order that the trial court's judgment be reformed to reflect a credit of 34 days. Having overruled Appellant's remaining issues, we affirm the trial court's judgment as modified.