

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00367-CR

SOHAIL AHMED QURESHI                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1387580D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Sohail Ahmed Qureshi appeals his convictions for causing injury to an elderly individual and for aggravated robbery.[2] In one point, he contends that during the State's opening statement, it "unduly enflamed the jury when

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.04(a) (West Supp. 2016), § 29.03(a) (West 2011).

comparing [his] case to the [t]errorist [a]ttacks of September 11, 2001." Because appellant failed to preserve this argument for our review, we affirm.

**Background Facts**

A grand jury indicted appellant for causing injury to an elderly individual and for aggravated robbery. At trial, with the assistance of appointed counsel, he pled not guilty to both charges. After receiving the parties' presentations of evidence[3] and arguments, the jury found appellant guilty of both charges. The trial court heard evidence concerning his punishment and sentenced him to twenty years' confinement on the aggravated robbery charge and ten years' confinement on the charge for injuring an elderly individual. Appellant brought this appeal.

**The Forfeiture of Appellant's Point**

Appellant contends that we should reverse his conviction on the ground that part of the State's opening statement unduly placed the burden of proof on him and enflamed the jury. At the beginning of the State's opening statement, the prosecutor said,

> September 11th, 2001, arguably the most tragic day in American history. A day that divided the country . . . . People chose sides. People looked upon certain sects of the community in a different way after that day. It took years and years of time to pass for some healing to begin. Some of those thoughts and feelings from that day are still present. I would respectfully argue, however, that day has turned more into good versus bad, right versus wrong.

---

[3]The evidence showed that appellant attempted to steal money at a mosque while striking a man with a tire iron.

Ironically enough, the case that we're here about today occurred on September 11th, thirteen years after the initial 9/11 event. But still on September 11th of 2014.

As I mentioned, the representation of that day has changed. No longer is it about a certain group of the community. No longer do we look at those people in the way of they did that. It has morphed into good versus bad, right versus wrong. And that's what this case is about, what is right and what is wrong.

Appellant did not object to any part of the State's opening statement. Thus, the State contends that he forfeited this complaint.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). We should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Preservation of error is a systemic requirement. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012).

Texas courts have repeatedly held that this preservation requirement applies to a complaint concerning an opening statement; without an objection, the complaint is forfeited. *Estrada v. State*, 313 S.W.3d 274, 302–03 (Tex. Crim. App. 2010), *cert. denied*, 562 U.S. 1142 (2011); *Thierry v. State*, 288 S.W.3d 80, 84–85 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Gearhart v. State*, 122 S.W.3d 459, 465 (Tex. App.—Corpus Christi 2003, pet. ref'd); *see also Brown v.*

3

*State*, No. 02-04-00405-CR, 2006 WL 413448, at *3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op., not designated for publication) (holding that a defendant did not preserve error concerning the State's opening statement because he did not obtain an adverse ruling on objections to the statement); *Ogaz v. State*, No. 02-03-00419-CR, 2005 WL 2898139, at *3 (Tex. App.—Fort Worth Nov. 3, 2005, no pet.) (mem. op., not designated for publication) ("Our review of the State's opening statement reveals no objections. Consequently, if any error was present, it was not preserved.").

Appellant contends that although he "did not object to these statements, . . . [they] are of the nature that in the interest of justice this court should find that the prosecutor severely prejudiced [his] right to a fair trial." Appellant cites no authority showing that we should review the merits of an unpreserved complaint concerning the State's opening statement in the interest of justice, and we have found none. Rather, the court of criminal appeals has instructed us to not review the merits of a complaint when it is unpreserved. *See Ford*, 305 S.W.3d at 532; *Snodgrass v. State*, 490 S.W.3d 261, 268 (Tex. App.—Fort Worth 2016, no pet.) (citing *Ford* and stating the same); *see also Sharper v. State*, 485 S.W.3d 612, 615 (Tex. App.—Texarkana 2016, no pet.) ("We review preservation of error because we should not address the merits of an issue if it is not preserved.").

We hold that appellant forfeited his complaint about the State's opening statement by not objecting to the statement at trial. *See* Tex. R. App. P. 33.1(a); *Estrada*, 313 S.W.3d at 302–03. Therefore, we overrule appellant's sole point.

4

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgments of conviction.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 13, 2016