

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00138-CR

---

RAIMOD KEVON GIPSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1529129R

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After Hurricane Harvey forced Amanda Hunter and her children to be evacuated from their Port Arthur home, they were placed temporarily in a hotel in Fort Worth. The children's father, Raimod Kevon Gipson, was also evacuated from Port Arthur to Dallas. While Amanda was staying at the hotel, she and Gipson were involved in a violent altercation. As a result, a Tarrant County[1] jury convicted Gipson of family violence assault, with a previous conviction,[2] and assessed his punishment at four years' imprisonment.

On appeal, Gipson complains (1) that Article 38.371 of the Texas Code of Criminal Procedure[3] is facially unconstitutional and (2) that the trial court erred when it excluded testimony from Hunter of her prior assault on Gipson. Because we find that Gipson failed to preserve these issues, we will affirm the trial court's judgment.

## I. Gipson's Challenge to the Constitutionality of Article 38.371 Was Not Preserved

Gipson's challenge to the constitutionality of Article 38.371 arises from the trial court's admission, during the guilt/innocence phase of the trial, of testimony from Hunter regarding prior assaults on her by Gipson. At a hearing at the bench, the State informed the trial court and Gipson that it was going to ask Hunter about prior assaults. After Gipson made a general objection to the testimony, the trial court stated that "38.37(1) [sic] allows it." After Gipson again made a general

---

[1] Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(a) (West Supp. 2017).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 38.371 (West 2018).

objection, the trial court overruled his objection. As the State began questioning Hunter, Gipson objected to the relevance of the testimony and asked for a running objection. The trial court overruled the objection and granted the running objection. Hunter then testified regarding several prior assaults by Gipson.

Article 38.371 provides that in certain criminal proceedings involving family violence assault, and subject to the Texas Rules of Evidence,

> each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense . . . , including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim.

TEX. CODE CRIM. PROC. ANN. art. 38.371(b). However, Article 38.371 "does not permit the presentation of character evidence that would otherwise be inadmissible under the Texas Rules of Evidence or other applicable law." TEX. CODE CRIM. PROC. ANN. art. 38.371(c).

On appeal, Gipson, for the first time, asserts that Article 38.371 is facially unconstitutional, in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. *See* U. S. CONST. amends. V, XIV, § 1. The State contends that Gipson failed to preserve this complaint in the trial court. We agree.

"To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion." *Snodgrass v. State*, 490 S.W.3d 261, 267 (Tex. App.—Fort Worth 2016, no pet.) (citing TEX. R. APP. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd)). "Further, the trial court must have ruled on the request,

3

objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule." *Id.* (citing TEX. R. APP. P. 33.1(a)(2); *Everitt v. State,* 407 S.W.3d 259, 263 (Tex. Crim. App. 2013)).

The Texas Court of Criminal Appeals has held that a facial challenge to the constitutionality of a statute is a forfeitable right that may be lost if not preserved at trial. *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)); *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Therefore, a facial challenge to the constitutionality of a statute may not be brought for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Since Gipson did not challenge the constitutionality of Article 38.371 in the trial court by request, objection, or motion, we find he has not preserved this issue for our review. *See id.*; *Ibenyenwa*, 367 S.W.3d at 422.

## II.    Gipson's Evidentiary Complaint Was Not Preserved

In his second issue, Gipson complains that the trial court erred in excluding evidence of Hunter's prior assaults on him. This complaint arises from the following exchange that occurred during Gipson's cross-examination of Hunter:

> Q.    [(By counsel for Gipson)]  Now, do you consider yourself to be a nonviolent, responsible person?
>
> A.    Yes.
>
> Q.    Were you being nonviolent on July 15, 2008, when you were arrested for a first-degree felony of aggravated assault with a deadly weapon of a family member?

4

MR. LOWE:  Objection, Judge.  That's not admissible under 609.

THE COURT:  Counsel, approach the bench.

(At the bench, on the record).

THE COURT:  Who is the injured party?  Who is the injured party?

MR. ROWE:  My client, Your Honor.

THE COURT:  And did it result in a conviction?

MR. ROWE:  It did not, Your Honor.  But it goes to motive of this Defendant -- or this victim.

THE COURT:  What was the year, again?

MR. ROWE:  2008.

THE COURT:  Why would he wait for 10 years?

MR. ROWE:  July 15, 2008.

THE COURT:  Sustained.

MR. ROWE:  The objection is sustained, Your Honor?

THE COURT:  Yes, sustained.

MR. ROWE:  Okay.

(Bench conference concluded)

Although Gipson acknowledges in his brief that this exchange shows that the trial court prohibited him from confronting Hunter about her prior *arrest* and *charges* for assaulting Gipson, his complaint on appeal faults the trial court for excluding evidence of Hunter's past incidents of

assault on him. The State argues, *inter alia*, that Gipson failed to preserve this complaint. Again, we agree.

"To preserve error regarding excluded evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked." *Kamanga v. State*, 502 S.W.3d 871, 877 (Tex. App.—Fort Worth 2016, pet. ref'd) (citing TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009)). "Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel." *Id.* (citing former TEX. R. EVID. 103(b) (current version at TEX. R. EVID. 103(a)(2)); *Holmes*, 323 S.W.3d at 168). "Counsel's concise statement must include a summary of the evidence offered." *Id.* (citing *Holmes*, 323 S.W.3d at 168). Further, counsel "must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009) (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (per curiam)). "Error is not preserved if the offer of proof is inadequate." *Kamanga*, 502 S.W.3d at 877 (citing *Holmes*, 323 S.W.3d at 171).

In this case, Gipson never made a statement to the trial court summarizing the evidence that he sought regarding Hunter's prior assaults on him. Further, Gipson never sought to question

Hunter regarding these prior assaults.[4]  Under this record, we find that Gipson did not preserve this complaint for our review.[5]

Since Gipson has not preserved these issues for our review, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     September 18, 2018
Date Decided:       October 4, 2018

Do Not Publish

---

[4]Rather, Gipson only sought to impeach Hunter's character for truthfulness (i.e., her testimony that she was a nonviolent person) by questioning her about a prior arrest for assault.  However, Rule 608(b) forbids impeachment of a witness' character for truthfulness by inquiry into specific instances of conduct, except for a criminal conviction as allowed under Rule 609.  TEX. R. EVID. 608(b).  This includes inquiries about an arrest or criminal charge.  *Id.*; *see* TEX. R. EVID. 609; *Prescott v. State*, 744 S.W.2d 128, 130 (Tex. Crim. App. 1988) (witness "cannot be impeached by a prior offense with which he has been charged unless the charges resulted in a final conviction for either a felony offense or an offense involving moral turpitude"); *Bell v. State*, 620 S.W.2d 116, 125 (Tex. Crim. App. [Panel Op.] 1980) ("Mere arrests or charges of offenses are generally inadmissible for impeachment purposes.").  "An exception arises when a defendant testifies and leaves a false impression as to the extent of his prior arrests, convictions, charges . . . , or 'trouble' with the police."  *West v. State*, 169 S.W.3d 275, 278 (Tex. App—Fort Worth 2005, pet. ref'd) (citing *Prescott*, 744 S.W.2d at 131; *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex. Crim. App. 1972)).  Hunter did not make any statement in her testimony that would come within this exception.  Therefore, to the extent that Gipson complains about the trial court's exclusion of his inquiry into the prior arrest, we find that the trial court did not abuse its discretion in its ruling.

[5]Even if Gipson had preserved this error, any error by the trial court was harmless.  In his direct testimony, Gipson testified about Hunter's prior assaults upon him and showed the jury some of the eight scars he received from her in the attacks.  Consequently, we cannot say that Gipson's substantial rights were affected by the trial court's ruling.