**Affirmed as Modified and Opinion Filed November 29, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00772-CR**
**No. 05-20-00773-CR**

**EVERETT GRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1571448-I and F-1555801-I**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Appellant Everett Gray made open pleas of guilty to two offenses, and the trial judge sentenced him to prison terms of ten and twenty years. In three issues on appeal, he challenges both sentences and one duplicative assessment of court costs. We delete one assessment of court costs and otherwise affirm the judgments.

### I. Background

Appellant was indicted for (1) unlawful possession of a firearm by a felon and (2) illegal barter or investment. The illegal-barter indictment included one enhancement paragraph alleging use of a deadly weapon and a second enhancement

paragraph alleging a prior felony conviction for aggravated robbery. Appellant waived his right to a jury and made open pleas of guilty to both indictments. He also pleaded true to the enhancement paragraphs in the illegal-barter case.

The evidence at appellant's sentencing trial showed that appellant had contact with Dallas Police Department Detective Mario Castanon, who was posing as a drug dealer connected with a Mexican cartel. At first, appellant sought to buy five kilos of cocaine from Castanon. No agreement was reached, but Castanon then pretended to be interested in buying guns for the cartel, and appellant sold him two guns with the serial numbers filed down. Then appellant and Castanon agreed that Castanon would sell appellant one kilo of cocaine. When appellant and another person showed up to complete the transaction, they were arrested while they were sitting in their car. The police found a pistol on the seat between the other person's legs, and they also recovered $13,000 from the car.

Appellant's parole officer testified that she thought appellant was a good parolee and that he deserved another chance on probation. On cross-examination, the parole officer testified that appellant had had a previous probation for aggravated robbery revoked when he committed the offenses of burglary of a vehicle and possession of marijuana. Appellant was then sentenced to fifteen years in the penitentiary, was paroled in September 2013, and began meeting with Detective Castanon in May 2014.

Appellant testified at sentencing and also called his wife, his mother, and his cousin as character witnesses. He also introduced into evidence some written statements from other character witnesses. Appellant developed evidence that he was working on an internet-based project called "My Senior Year 2k" that was intended to raise money for needy high-school seniors.

During closing argument, appellant's attorney asked the court to put appellant on probation. The State's attorney argued against probation and asked the court to sentence appellant to twenty years in prison. The trial judge sentenced appellant to ten years in prison on the unlawful-possession charge and twenty years in prison on the illegal-barter charge. The signed judgments reflected these sentences, and each judgment assessed $249 in court costs against appellant.

Appellant timely appealed.

## II.    Analysis

Appellant's first two issues on appeal argue that the trial court abused its discretion in sentencing him because the sentences do not comport with the objectives of the Texas Penal Code. His third and final issue argues that the trial court erred by assessing court costs against him in both judgments.

### A.    Issues One and Two: Did the trial court abuse its discretion by imposing sentences contrary to the objectives of the Penal Code?

Appellant concedes that his sentences fall within the statutory ranges, but he argues nonetheless that the trial court abused its discretion by sentencing him to prison instead of community supervision because imprisoning him runs contrary to

–3–

the Penal Code's stated objective of rehabilitating those convicted of crimes. *See* TEX. PENAL CODE ANN. § 1.02(1)(B). The State argues that appellant failed to preserve error and that his first two issues also fail on the merits.

We conclude that appellant's first two issues were preserved and that they fail on the merits.

### 1. Error was preserved.

Generally, to preserve a complaint for appeal a party must make the complaint to the trial court and obtain a ruling. *See generally* TEX. R. APP. P. 33.1(a). Error preservation is a systemic requirement, and we should not address the merits of unpreserved issues. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). In determining whether error was preserved, we do not consider arguments in isolation but instead look to the context of the entire record. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). A party need not use magic words or cite a specific statute to preserve an issue as long as the basis of his complaint is evident to the trial court. *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012). We have held that § 1.02 arguments like appellant's must be preserved in the trial court to avoid forfeiture on appeal. *See, e.g.*, *Hicks v. State*, No. 05-20-00614-CR, 2021 WL 3042672, at *2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication).

Here, we conclude that appellant adequately preserved error.

First, appellant's evidence raised the issue of rehabilitation, which is the focus of his § 1.02 argument. His parole officer testified that appellant deserved a second chance, that he would benefit from a "behavior program," and that she believed he could succeed on probation. Appellant's wife testified that appellant needed something to help him learn "how to adapt in society." His mother testified that he needed "some kind of behavioral help." Appellant testified that he needed to rehabilitate himself. Appellant's cousin testified and urged that "[t]here is no rehabilitation from prison here." And a letter from appellant's pastor, which was admitted into evidence, pleaded that appellant be allowed "to continue his journey of rehabilitation."

Second, although appellant's attorney did not cite § 1.02 during closing argument at sentencing, he did argue that evidence showed appellant to be a good candidate for deferred adjudication and that appellant's "criminal thinking" could be corrected with proper therapy. He also argued that appellant should be "sent to ISF[1] to get the tools that he needs to finish the race."

We conclude that the foregoing was sufficient to alert the trial judge that (1) appellant wanted the judge to order deferred adjudication and (2) appellant contended deferred adjudication was justified for rehabilitative purposes. Accordingly, we conclude that error was preserved. *See Bryant*, 391 S.W.3d at 91–

---

[1] "ISF" means "intermediate sanction facility." *See White v. State*, 508 S.W.3d 509, 509 (Tex. App.—Fort Worth 2016, no pet.).

92 (concluding that appellant's evidence and arguments sufficed to preserve error in the trial court).

## 2. The trial court did not abuse its discretion.

The trial court has broad discretion in assessing a defendant's sentence within the statutory range. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant concedes that his sentences of ten and twenty years in prison are within the statutory ranges for his offenses. Here, we conclude that the trial court did not abuse its broad discretion.

As discussed above, appellant presented some witnesses who urged the trial court to be lenient and give appellant a chance to seek rehabilitation. However, rehabilitation is not the only objective of the Penal Code. Deterrence and prevention of recurring criminal behavior are also objectives of the Code. *See* PENAL § 1.02(1)(A), (C).

Here, the trial court heard evidence that weighed against leniency. For example, when appellant committed the current offenses, he was on parole from a prison sentence for aggravated robbery. Appellant also admitted that he used marijuana and "abscond[ed]" from probation for a prior offense. Moreover, appellant admitted that he wanted to make money by reselling five kilograms of cocaine. Other evidence showed that he was willing to sell guns to Detective Castanon, ostensibly for use by a Mexican cartel, and that he told Castanon that he

was willing to carry cocaine for him while carrying out appellant's trade as a truck driver.

Based on the totality of the circumstances and the objectives of the Penal Code, we conclude that the trial court did not act unreasonably or abuse its broad discretion by sentencing appellant as it did rather than giving him deferred adjudication. Accordingly, we overrule appellant's first two issues on appeal.

**B.      Issue Three: Did the trial court err by assessing court costs in both cases?**

Each judgment assessed $249 in court costs against appellant. In his third issue, appellant argues that the assessment should be deleted from the judgment convicting him of unlawful possession of a firearm. The State agrees with appellant's argument. So do we.[2]

The Code of Criminal Procedure provides, "In a single criminal action in which a defendant is convicted of two or more offenses . . ., the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Here, appellant was convicted of two offenses in a single criminal action. *See Burns v. State*, No. 05-19-00905-CR, 2021 WL 791421, at *2 (Tex. App.—Dallas Mar. 2, 2021, no pet.) (mem. op., not designated for publication) (there was a "single criminal action" where defendant pleaded guilty to two charges,

---

[2] Appellant was not required to preserve this issue in the trial court. *See Hurlburt v. State*, 506 S.W.3d 199, 204 n.3 (Tex. App.—Waco 2016, no pet.); *see also Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014) ("[W]e hold that Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal.").

waived his right to jury trial, and was convicted and sentenced by trial court). Thus, the trial court should have assessed court costs only once.

The Code also provides, "In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." CRIM. PROC. art. 102.073(b). Appellant's illegal-barter conviction involved the higher category of offense (a first-degree felony), so the trial court erred by assessing court costs in the unlawful-possession case (a third-degree felony).

We sustain appellant's third issue.

## III.   Disposition

We affirm the trial court's judgment in the illegal-barter case, trial court case number F15-55801-I. We modify the trial court's judgment in the unlawful-possession case, trial court case number F15-71448-I, by deleting the assessment of $249 in court costs, and we affirm that judgment as modified.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
200772F.U05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EVERETT GRAY, Appellant

No. 05-20-00772-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1571448-I.
Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court as follows:

The section entitled "Court Costs" is modified to show "$ N/A."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered November 29, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EVERETT GRAY, Appellant

No. 05-20-00773-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F-1555801-I. Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 29, 2021