

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00102-CR

DAVID MICHAEL SCHUMM                                                APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM COUNTY COURT AT LAW OF HOOD COUNTY
### TRIAL COURT NO. 46723

----------

## OPINION

----------

A jury convicted Appellant David Michael Schumm of interfering with an emergency call of his former wife, the complainant, and assessed his punishment at nine months' confinement in the Hood County jail with no fine. The trial court sentenced him accordingly. Appellant does not challenge the sufficiency of the evidence supporting his conviction. Instead, in his sole point, Appellant argues that he was denied due process in presenting his own testimony in his defense

because the jury was not allowed to consider that he had been acquitted of the purported underlying felony assault to which the thwarted 911 emergency call pertained. Because Appellant failed to preserve his due process claim and the trial court did not abuse its discretion by excluding the evidence on relevance grounds, we affirm the trial court's judgment.

According to the complainant's testimony in this case, in February 2014, she and Appellant were arguing in their home when she tried to place a 911 call, and Appellant physically prevented her from doing so by taking her cell phone from her. The complainant testified that she ran outside and screamed for help. She also testified that Appellant followed her, dragged her onto the porch, pushed her face-first against the door jamb, and pushed his body weight on top of her. She further testified that Appellant reached around her neck with his arm, put pressure on her neck, and began "strangling" her. In his testimony, Appellant denied any assaultive conduct and denied touching her cell phone.

Appellant was charged in this case with interfering with an emergency call,[1] but he was also charged separately in a district court with assaulting the complainant by impeding her breathing, a felony.[2] He was acquitted of the felony assault in a separate trial before the trial in the case at bar. Although the jury in this case was allowed to hear that he had been accused and tried for the felony

---

[1]*See* Tex. Penal Code Ann. § 42.062 (West Supp. 2015).

[2]*See id.* § 22.01(b)(2)(B).

2

assault, the jury was not allowed to hear that he had been acquitted of the felony assault.

Before Appellant began testifying before the jury in this case, he advised the trial court that he had a certified judgment of acquittal by the district court on the felony assault case. Counsel stated,

> And given the history and the back and forth and so much coming in from the previous trial and the fact that the underlying cause of it is the choking charge and the fact that there was an acquittal in this other case, I would like to offer that [a copy of the felony indictment and the certified judgment of acquittal] into evidence Your Honor.

The trial court said, "Well, I'll let you do that by way of a bill, but, I mean, my previous ruling relative to acquittals on cases that—in the felony case stands." Counsel then submitted his bill of exceptions. The trial court granted the State's relevance objection and then denied Appellant's request that the felony indictment and judgment of acquittal be admitted for "limited consideration by the jury, not—with the instruction that it is not determinative of this case, but it's only considered as evidence."

Although Appellant now presents state and federal constitutional authority for the general proposition that a defendant is entitled to testify and to present a defense, he directs us to no place in the record where he raised a constitutional basis for admitting the excluded evidence. He has therefore not preserved his

3

due process claim or any other constitutional claim.[3]  We liberally construe the remainder of his point as a complaint that the trial court abused its discretion by excluding the evidence on relevance grounds.

The applicable elements of interfering with an emergency call are that (1) an individual (2) knowingly (3) prevents or interferes with (4) another individual's (5) ability to place an emergency call or to request assistance, including a request for assistance using an electronic communications device, (6) in an emergency (7) from a law enforcement agency.[4]  Appellant argues that the excluded evidence is relevant to the element of "emergency," defined in the statute as "a condition or circumstance in which any individual is . . . in fear of imminent assault."[5]  He claims that the acquittal is "important evidence that there was a reasonable doubt that an emergency existed."

Yet the judgment of acquittal Appellant sought to admit did not show that the felony jury had specifically found no emergency.  That is, the felony jury did not find that the complainant was not in fear of imminent assault at the time Appellant allegedly prevented her from calling 911.  Rather, the felony jury acquitted Appellant of "intentionally, knowingly, or recklessly imped[ing] the normal breathing or circulation of the blood by applying pressure to the throat or

---

[3]*See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).

[4]Tex. Penal Code Ann. § 42.062.

[5]*Id.* § 42.062(d).

4

neck of [the complainant]," an event that the complainant alleges happened after Appellant took her cell phone. "Emergency" is not an element of assault by impeding normal breathing or blood flow.[6] Similarly, a completed assault, of any type, is not an element of the offense of interference with an emergency call.[7]

In sum, Appellant was prevented from offering evidence that another jury acquitted him of "intentionally, knowingly, or recklessly imped[ing] the normal breathing or circulation of the blood by applying pressure to the [complainant's] throat or neck," but that evidence had no bearing on whether the complainant feared an imminent assault when she attempted to make a 911 call. The trial court therefore did not abuse its discretion by excluding the evidence on relevance grounds. We overrule Appellant's sole point and affirm the trial court's judgment.

---

[6] *See id.* § 22.01(b)(2)(B).

[7] *See id.* § 42.062.

                       /s/ Lee Ann Dauphinot
                       LEE ANN DAUPHINOT
                       JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

WALKER, J., concurs without opinion.

PUBLISH

DELIVERED:  December 3, 2015