

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-15-00416-CR**

JOSHUA GOLLIDAY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1379815D

----------

## DISSENTING OPINION ON
## EN BANC[1] RECONSIDERATION

----------

The requirements of preserving a complaint for our review are settled and uncomplicated: a party must make a timely request, objection, or motion in the trial court that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint, and the trial court must rule on that

---

[1]*See* Tex. R. App. P. 49.7.

request, objection, or motion (or the complaining party must object to a refusal to rule). Tex. R. App. P. 33.1(a). This preservation rule generally applies to constitutional arguments, and it particularly applies to a defendant's complaint that a trial court denied the defendant an opportunity to present a defense. *See Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014); *Schumm v. State*, 481 S.W.3d 398, 399 (Tex. App.—Fort Worth 2015, no pet.) ("Although Appellant . . . [argues] that a defendant is entitled to testify and to present a defense, he directs us to no place in the record where he raised a constitutional basis for admitting the excluded evidence. He has therefore not preserved his due process claim or any other constitutional claim."). The preservation rule serves two purposes: "(1) it informs the judge of the basis of the objection and affords him an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the complaint." *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). Serving the first purpose, the rule requires a party to inform the trial court "what he wants *and why he feels himself entitled to it* clearly enough for the judge to understand him." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) (emphasis added).

In this appeal, appellant Joshua Golliday contends that the trial court violated his constitutional rights of confrontation, due process, and the ability to present a defense by restricting his cross-examination of two witnesses. He did not raise those complaints at any point in the trial court. Thus, the principles of

2

preservation require us to conclude that he forfeited the complaints. Indeed, our own cases compel this result. Because the majority instead sustains appellant's first two points and reverses his sexual assault conviction on arguments that he presents for the first time in this court, I must dissent.

In appellant's first point, he argues that the trial court violated his constitutional rights of confrontation and due process by restricting his cross-examination of the complainant concerning her outpatient and inpatient treatment at "Millwood," along with other matters. At the end of appellant's questioning of the complainant outside of the jury's presence, the following exchange occurred:

> [DEFENSE COUNSEL]: Judge, we would submit that all of this testimony is relevant and should come before the jury so the jury can get the whole picture of the situation. So . . . we'd like to ask these questions in front of the jury.
>
> [THE STATE]: Your Honor, we'd object as hearsay. Also, it is not relevant to anything related to the elements in this case. Also, it should not be admissible under 404. Argue none of it should be admissible.
>
> THE COURT: Sorry. I didn't hear that last part.
>
> [THE STATE]: Under 404, it should not be admissible. And also, additionally, I stated -- I believe it's hearsay and not relevant.
>
> THE COURT: I sustain the objection.

In his second point, appellant contends that the trial court violated his constitutional rights of confrontation and due process by limiting his cross-examination of Jill Zuteck, the complainant's sexual assault nurse examiner. During appellant's cross-examination of Zuteck, the following exchange occurred:

3

[DEFENSE COUNSEL]: The State has asked this witness about her report as to the past medical history given to her by the victim, and she repeated several things about the patient's history that was given to her by [the complainant]. Included in that report and part of the past medical history is that she was taking Xanax and Zoloft and that she had been suffering from anxiety as a current condition and also that she had a chronic problem with herpes. That is all in the medical report.

. . . So I think the State has opened the door to discussing the rest of the medical history.

THE COURT: And specifically what are you trying to get into?

[DEFENSE COUNSEL]: The fact that she -- all of it, Your Honor. It's on the --

THE COURT: Let me hear it for the record. What is it you're trying to get into?

[DEFENSE COUNSEL]: That [the complainant] was taking Xanax and Zoloft, that she had current problems with anxiety, and that she had a chronic problem of herpes.

THE COURT: Response?

[THE STATE]: Yes, Your Honor.

. . . .

I think they're trying to elaborate on something that wasn't asked of this witness. And besides that, they're still trying to get into 404 information, relevance of this information, other than to basically smear this victim's character, which isn't acceptable at this time. That violates 404. So we continue our objections. We do not believe the door has been opened.

After this exchange, the trial court heard brief testimony from Zuteck outside of the jury's presence concerning the medications the complainant had taken, the complainant's problems with anxiety, and the complainant's herpes condition. At the end of the testimony, appellant urged the trial court to allow

4

Zuteck to testify concerning the same facts to the jury, contending that the testimony was "relevant to explaining some of [the complainant's] behavior that evening." The State contended that the testimony was "not relevant and still goes to 404." The trial court sustained the State's objection to the testimony.

On appeal, appellant contends that the trial court's decisions to sustain the State's objections to the complainant's and to Zuteck's testimony were erroneous because the decisions did not allow the jury to fairly and fully evaluate the complainant's credibility or allow him to present his defensive theory. Citing *Hammer v. State*, he emphasizes that the constitution is "offended if the state evidentiary rule would prohibit him from cross-examining a witness . . . to such an extent that he could not present a vital defensive theory." 296 S.W.3d 555, 562–63 (Tex. Crim. App. 2009).

The constitutional right to a meaningful opportunity to present a defense is subject to forfeiture if not raised in the trial court. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009). Thus, to preserve an argument that the exclusion of defensive evidence violates constitutional principles, a defendant must present that contention in response to the State's objection to the evidence in the trial court. *Reyna v. State*, 168 S.W.3d 173, 174 (Tex. Crim. App. 2005) ("[Reyna] attempted to introduce evidence which the trial judge excluded. He did not argue that the Confrontation Clause demanded admission of the evidence, but the Court of Appeals reversed the conviction on these grounds. We conclude that the appellate court erred because Reyna, as the proponent of the evidence,

5

was required to offer the evidence for its admissible purpose, and he did not do so."). Appellant did not present constitutional arguments in response to the State's objections, so he forfeited those arguments. *See id.*

The majority appears to rely on two theories to hold that appellant preserved his constitutional complaints. First, relying on rule of evidence 103,[2] the majority appears to conclude that because appellant was the proponent of the excluded evidence, he needed only make an offer of proof, which served the purpose of informing the trial court *what* he wanted to introduce,[3] and needed not provide constitutional grounds for the admission of the evidence, which would have informed the trial court *why* he wanted to introduce it. *See* Majority Op. at 9–11.

The court of criminal appeals rejected this exact argument in *Reyna*. 168 S.W.3d at 176–80. There, the State charged Reyna with indecency with a child, and at trial, after the State questioned the complainant, Reyna sought to introduce evidence of the complainant's prior false allegation of sexual assault.

---

[2] *See* Tex. R. Evid. 103.

[3] The majority writes,

> Appellant did exactly what he was supposed to do. He told the trial court clearly *what* evidence he wanted the jury to hear, the prosecution objected, and the trial court sustained the objections, thereby holding that Appellant could not present his impeachment evidence before the jury. He therefore preserved his complaints about the exclusion of evidence.

Majority Op. at 11 (emphasis added).

6

*Id.* at 174.  Reyna made an offer of proof, informing the trial court what the complainant and other witnesses would likely testify to concerning that prior allegation.  *Id.* at 174–75.  The State objected to the admission of the evidence, and Reyna did not offer a constitutional basis for its admission.  *Id.* at 175.  On appeal from his conviction, Reyna argued that he had been denied the constitutional right of cross-examination.  *Id.*  The State argued that Reyna had not preserved that complaint.  *Id.* at 176.  The court of criminal appeals held that the complaint was not preserved and reasoned,

> At first blush, the State's argument appears to lack merit.  We have held, and [rule of evidence 103] make[s] clear, that to preserve error in the exclusion of evidence, the proponent is required to make an offer of proof and obtain a ruling.  Since Reyna did both these things, he seems to have preserved error.

> But a less common notion of error preservation comes into play in this case, although certainly not a novel one.  Professors Goode, Wellborn and Sharlot refer to it as "party responsibility."  They explain it this way:

>> To the question, which party has the responsibility regarding any particular matter, it is infallibly accurate to answer with another question:  which party is complaining now on appeal?  This is because in a real sense both parties are always responsible for the application of any evidence rule to any evidence.  Whichever party complains on appeal about the trial judge's action must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule in question and its precise and proper application to the evidence in question.

> The basis for party responsibility is, among other things, Appellate Rule 33.1. . . .  *[I]t is not enough to tell the judge that evidence is admissible.  The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.*

7

. . . .

> *Although this case involves a proffer of evidence rather than an objection, the same rationale applies.* Reyna did not argue that the Confrontation Clause demanded admission of the evidence. Reyna's arguments for admitting the evidence could refer to either the Rules of Evidence or the Confrontation Clause. His arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument. . . . The Court of Appeals erred in reversing Reyna's conviction on a ground that he did not present to the trial judge.

*Id.* at 176–80 (emphasis added) (footnotes and citations omitted).

Following *Reyna*'s lead, this court—including in opinions written by the honorable author of the majority opinion in this appeal—has correctly held on many occasions that when a defendant offers evidence and the State objects, the defendant must then propose constitutional grounds for admission to preserve constitutional complaints for appeal. *See, e.g., Schumm*, 481 S.W.3d at 399 (Dauphinot, J.); *Smallwood v. State*, 471 S.W.3d 601, 614 (Tex. App.— Fort Worth 2015, pet. ref'd) (op. on reh'g) (Dauphinot, J.) ("[Appellant] did not sustain his burden of explaining to the trial court . . . why . . . testimony was admissible . . . under a constitutional provision. We therefore overrule Appellant's fourth and fifth issues."); *Taylor v. State*, No. 02-11-00037-CR, 2012 WL 662373, at *3 (Tex. App.—Fort Worth Mar. 1, 2012, pet. ref'd) (mem. op., not designated for publication) (Dauphinot, J.) (citing *Reyna* to hold that constitutional complaints were not preserved and stating that "the party must, in addition to showing the trial court *what* the actual testimony would be, explain *why* the ruling is erroneous" (emphasis added)). Honorable justices joining the

8

majority opinion in this appeal have joined (and in some cases authored) similar opinions to the three cited above. *See, e.g.*, *Harper v. State*, No. 02-15-00374-CR, 2016 WL 4045203, at \*5 (Tex. App.—Fort Worth July 28, 2016, no pet.) (mem. op., not designated for publication); *Gonzalez v. State*, No. 02-14-00229-CR, 2015 WL 9244986, at \*12 (Tex. App.—Fort Worth Dec. 17, 2015, pet. ref'd) (mem. op., not designated for publication), *cert. denied*, 137 S. Ct. 169 (2016); *Chavezcasarrubias v. State*, No. 02-14-00418-CR, 2015 WL 6081502, at \*3 (Tex. App.—Fort Worth Oct. 15, 2015, no pet.) (mem. op., not designated for publication). The majority opinion does not offer an adequate basis for overruling these precedential decisions or for disregarding the binding holding in *Reyna*.

Second, the majority appears to hold that if appellant was required to raise constitutional complaints in the trial court to preserve them for appeal, he did so by merely stating that he offered the evidence to present "the rest of the story"[4] and to allow the jury to "get the whole picture." Majority Op. at 11–12. These comments, however, were insufficient to make the trial court and the State aware that appellant was raising constitutional complaints, as rule 33.1(a)(1)(A) requires. *See* Tex. R. App. P. 33.1(a)(1)(A).

In *Reyna*, the court held that when a trial court excludes a defendant's offered evidence and the defendant's rationale for admitting the evidence is

---

[4]Appellant's "rest of the story" comment was not made during his attempt to introduce the excluded evidence. Rather, the comment was made during appellant's opening statement to the jury, which occurred after the challenged rulings and after the State rested.

9

unclear, the defendant must "suffer on appeal the consequences of his insufficiently specific offer." 168 S.W.3d at 179. The court further explained that when a defendant's proposal for admission "encompasses complaints under both the Texas Rules of Evidence and [constitutional provisions], the objection is not sufficiently specific to preserve error." *Id.*

Generally, for a non-explicit complaint to serve the two purposes of preservation explained above—allowing the trial court to rule on the complaint and allowing the State to respond to it—there must be "statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). An appellant may not "bootstrap" a constitutional complaint from an "innocuous trial objection." *Id.*

After the complainant testified outside of the jury's presence about her stay at Millwood, the State objected on grounds of hearsay and relevancy. Appellant responded to those objections by arguing that the testimony was relevant: "Judge, we would submit that all of this testimony is relevant and should come before the jury so the jury can get the whole picture of the situation." Concerning the admission of Zuteck's testimony, appellant argued that the State had opened the door to the complainant's medical history and that Zuteck's testimony was relevant. Nothing in the record indicates that anyone in the courtroom understood appellant to be raising constitutional complaints.

Nor has appellant ever argued that the "get the whole picture" or "rest of the story" comments raised constitutional complaints. In his original brief, he did not address preservation with regard to his first two points. He did not file a reply brief to respond to the preservation arguments that the State made within its brief. In his response to the State's motion for rehearing, he argued that his offer of proof—which showed *what* evidence he wanted to admit but not any constitutional reasons he wanted to admit it—was sufficient to preserve error. He asserted,

> Everyone in the courtroom at the time the trial court heard the proffered testimony outside of the jury knew exactly *what evidence was being offered* by Appellant, and *why the prosecutor was objecting.* . . . The trial court was on clear notice what the proffered testimony was, as well as why the State objected. Error was preserved. [Emphasis added.]

At trial, appellant did not comply with the fundamental, explicit, systemic requirement to state "the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.1(a)(1)(A); *Snodgrass v. State*, 490 S.W.3d 261, 268 (Tex. App.—Fort Worth 2016, no pet.) (stating that preservation of error "is a systemic requirement"). As the losing party at trial, he cannot benefit from his "insufficiently specific offer." *Reyna*, 168 S.W.3d at 179.

For all these reasons, this court should conclude that appellant did not preserve his constitutional complaints for our review, and we should not reach the merits of the complaints. *See* Tex. R. App. P. 33.1(a)(1)(A); *Snodgrass*, 490

S.W.3d at 268 ("A reviewing court should not address the merits of an issue that has not been preserved for appeal."). We should not reverse appellant's conviction on an argument that the trial court never considered. We also should not depart from the precedent of the court of criminal appeals and from this court. Because the majority's opinion does so, I respectfully dissent.

/s/ Terrie Livingston
TERRIE LIVINGSTON
CHIEF JUSTICE

WALKER, GABRIEL, and KERR, JJ., join.

PUBLISH

DELIVERED: July 27, 2017