# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60537

————————

Leonel Padilla Tello,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A046 265 889

_____

Before Wiener, Graves, and Douglas, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Leonel Padilla Tello petitions for review of a decision by the Board of Immigration Appeals ("BIA"). The BIA found that his prior conviction for interfering with an emergency call under Texas Penal Code § 42.062 was a crime involving moral turpitude, rendering him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The BIA correctly determined that

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60537

§ 42.062 is a divisible statute, so we DENY Padilla Tello's petition for review.

## I. Background

Padilla Tello is a native and citizen of Mexico who became a lawful permanent resident of the United States on May 16, 1997. On either April 5 or 6, 2004, he committed the offense of interfering with an emergency call under Texas Penal Code § 42.062 and pleaded guilty on May 12, 2004. On May 10, 2005, he was convicted of violating Texas Health and Safety Code § 481.115(b) for possessing less than one gram of a controlled substance. On September 3, 2013, the Department of Homeland Security placed Padilla Tello in removal proceedings for the controlled substance offense. Padilla Tello requested cancellation of removal pursuant to 8 U.S.C. § 1229b(a), but the Immigration Judge ("IJ") found he was ineligible for cancellation because he committed a crime involving moral turpitude ("CIMT")—his conviction under Texas Penal Code § 42.062(a)—before he had accrued seven years of continuous residence. Padilla Tello appealed the decision, but the BIA agreed that § 42.062(a) is categorically a CIMT and dismissed his appeal. After Padilla Tello filed a petition for review with this court, the Government requested a remand, and this court granted its motion.

On remand, the IJ found that § 42.062 is divisible and that the record established that Padilla Tello was convicted under § 42.062(a). Concluding that § 42.062(a) categorically constitutes a CIMT, the IJ again denied Padilla Tello's application for cancellation of removal. Padilla Tello appealed to the BIA. The BIA agreed that the statute is divisible and that the IJ "properly concluded that [the] criminal information read in conjunction with the judgment indicate that [Padilla Tello] was convicted of violating TPC § 42.062(a)." It also concluded that § 42.062(a) categorically constitutes a

2

CIMT, so it dismissed the appeal. Padilla Tello timely filed this petition for review.

## II. Standard of Review

When reviewing a BIA decision, we consider legal questions de novo and findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). While our review is limited to the BIA's decision, we will consider the IJ's decision to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

## III. Discussion

The only issue Padilla Tello raises on appeal is whether the BIA erred in determining that § 42.062 is divisible. At the time of his conviction, the statute read in relevant part:

> (a) An individual commits an offense if the individual knowingly prevents or interferes with another individual's ability to place an emergency telephone call or to request assistance in an emergency from a law enforcement agency, medical facility, or other agency or entity the primary purpose of which is to provide for the safety of individuals.

> (b) An individual commits an offense if the individual recklessly renders unusable a telephone that would otherwise be used by another individual to place an emergency telephone call or to request assistance in an emergency from a law enforcement agency, medical facility, or other agency or entity the primary purpose of which is to provide for the safety of individuals.

Tex. Penal Code § 42.062 (2003).

Padilla Tello argues that "knowingly prevent[ing] or interfer[ing] with another individual's ability" and "recklessly render[ing] unusable a

No. 22-60537

telephone that would otherwise be used by another" are merely alternative means for committing the same offense and are not distinct elements.

A statute is divisible if it lists out alternative elements, rather than alternative means. *Mathis v. United States*, 579 U.S. 500, 514–15 (2016) (citation omitted). We have explained this distinction in the following way:

> [I]f a statute only sets out alternative means of committing a crime, such that the jury need not agree which of the various possible means was actually employed in committing the crime, then the statute states only one crime and consequently is indivisible. . . But if the statute lays out alternative elements of the crime, such that the jury must agree which of the two or more potential alternatives is satisfied, the statute is divisible.

*United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022) (citing *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016)). To determine whether a statute is divisible, we consider the statutory text, state court decisions, and if necessary, the record documents for the sole purpose of determining whether the listed items are elements. *Mathis*, 579 U.S. at 518–19.

First, the text of the statute. *Mathis* lists three ways in which a "statute on its face may resolve" the means or elements question. *Id.* at 518. These are: (1) whether the alternatives carry different punishments (making them elements); (2) whether the alternatives are illustrative examples (making them means); and (3) whether the statute identifies "which things must be charged (and so are elements) and which need not be (and so are means)." *Id.* None of these considerations answer the question here.

Second, state court decisions. The Government points us to several cases in which Texas courts have identified § 42.062(a) as a separate offense from § 42.062(b). For instance, both the Fort Worth Court of Appeals and the Houston Court of Appeals (1st Dist.) have stated that an offense under § 42.062(a) comprises the following elements: "(1) an individual (2) knowingly

(3) prevents or interferes with (4) another individual's (5) ability to place an emergency call or to request assistance, including a request for assistance using an electronic communications device, (6) in an emergency (7) from a law enforcement agency." *Schumm v. State*, 481 S.W.3d 398, 399–400 (Tex. App.—Fort Worth 2015, no pet.); *Williams v. State*, 582 S.W.3d 692, 701 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (quoting *Schumm*, 481 S.W.3d at 399–400). By requiring a jury to find that the conduct was knowing, these holdings exclude the possibility of a conviction when some jurors think the defendant merely acted recklessly. The Amarillo Court of Appeals also construed § 42.062(a) as a separate offense by stating that "[t]he only culpable mental state applicable to interference with a request for emergency assistance is 'knowingly.'" *Alcoser v. State*, 596 S.W.3d 320, 337 (Tex. App.—Amarillo 2019), *rev'd and remanded on other grounds*, 663 S.W.3d 160 (Tex. Crim. App. 2022). As to § 42.062(b), the Austin Court of Appeals likewise implicitly construed it as a separate offense by referring only to that subsection's language when reviewing the sufficiency of the evidence to support a conviction under it: "Penal code section 42.062 provides *in pertinent part* that an individual commits an offense if he 'recklessly renders unusable a telephone that would otherwise be used by another individual to place an emergency telephone call or to request assistance in an emergency from a law enforcement agency.'" *Armstrong v. State*, No. 03-10-00046-CR, 2011 WL 1466856, at *5 (Tex. App.—Austin Apr. 14, 2011, no pet.) (quoting Tex. Penal Code § 42.062(b)) (emphasis added).

However, Padilla Tello directs us to an Austin Court of Appeals decision that appears to construe both subsections as one crime. In *Urtado v. State*, the defendant argued that the trial court erred by excluding impeachment evidence that a witness had been convicted of the misdemeanor offense of interference with an emergency telephone call. 333 S.W.3d 418, 428 (Tex. App.—Austin 2011, pet. ref'd) (citing Tex. Penal

CODE § 42.062). Notably, the court did not state whether the witness's conviction was under subsection (a) or (b). *Id.* Addressing whether this conviction was a crime of moral turpitude under state law, the court found that a conviction under the statute "does not require an act of violence or deception. Further, the statute requires no more than a reckless mental state, as an individual commits an offense under the statute by 'recklessly render[ing] unusable a telephone that would otherwise be used' to place emergency telephone calls." *Id.* (quoting TEX. PENAL CODE § 42.062(b)). It therefore concluded that the witness's conviction was not a crime of moral turpitude. *Id.* at 428–29. While state case law weighs in favor of divisibility, it does not "definitively answer[] the question" because *Urtado* appears to support Padilla Tello's argument. *Mathis*, 579 U.S. at 517.

Since our inquiry into the statutory text and existing case law is inconclusive, we now take a "peek" at the record documents for "the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." *Id.* at 518 (citation and internal quotation marks omitted). The criminal information states that "on or about 05 April, 2004, [Padilla Tello] did then and there knowingly prevent or interfere with the ability of Juana Ortiz, to place an emergency telephone call to a law enforcement agency, against the peace and dignity of the State." As the Supreme Court has instructed, "an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Id.* at 519; *see also Descamps v. United States*, 570 U.S. 254, 272 (2013) ("A prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives."). Padilla Tello's criminal information references the language in subsection (a) and excludes any reference to "recklessly render[ing] unusable a telephone" under subsection (b). Accordingly, we conclude that the record documents "speak plainly"

No. 22-60537

that § 42.062(a) is a separate crime with separate elements from § 42.062(b). *Mathis*, 579 U.S. at 519. Therefore, we agree that § 42.062 is divisible with respect to subsections (a) and (b).

## IV. Conclusion

Finding no error in the BIA's conclusion that § 42.062 is divisible with respect to subsections (a) and (b), we DENY the petition for review.